JAMES F. NORTHEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Northey v. Commissioner
Docket No. 10564-88.
United States Tax Court
T.C. Memo 1989-131; 1989 Tax Ct. Memo LEXIS 131; 56 T.C.M. (CCH) 1565; T.C.M. (RIA) 89131; March 29, 1989. James F. Northey, pro se. Richard A. Jones, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined the following deficiencies and additions to tax: Additions to Tax
Section
Section
Section
Section
Section
Year
Deficiency
6651(a) [1]
6653(a)(1)
6653(a)(2)
6654
6661(a)
1984
$ 7,952.00
$ 1,235.75
$ 397.60 *     $ 263.36
$ 1,988.00
*132 After concessions, [2] the issue is whether petitioner has unreported wage income and is subject to the additions to tax as determined by respondent. FINDINGS OF FACT Some of the facts are stipulated and are so found. The stipulated facts are incorporated by reference. Petitioner resided in Las Vegas, Nevada, at the time the petition herein was filed. Petitioner realized wage income in the amount of $ 31,871 from his employment at the Golden Nugget Hotel and Casino during 1984. Petitioner did not file a Federal income tax return for 1984. OPINION The issue is whether petitioner is subject to Federal income tax on his unreported wage income in 1984 and is subject to the additions to tax as determined by respondent. Petitioner has the burden of proof. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Section 61(a)(1) *133 provides that gross income includes compensation for services. At trial, petitioner did not dispute that he had received wages in the sum of $ 31,871 in 1984 from the Golden Nugget Hotel as determined by respondent or that he failed to file a return for such year. Rather, petitioner makes a series of "tax protester" arguments that respondent has not established that he is an individual subject to the jurisdiction of the Court and that respondent has not established that various terms used in the additions to tax sections apply to him. All of petitioner's arguments have been rejected repeatedly by the courts. There is no doubt that petitioner was required to file an income tax return for 1984 and that he was required to pay taxes on his wages. Further, there is no doubt that the additions to tax provisions are applicable to petitioner. See secs. 1, 61, 6011, 6012(a)(1)(A), 7701(a)(1); sec. 1.6012-1, Income Tax Regs.; Rowlee v. Commissioner,80 T.C. 1111, 1119-1123 (1983), and cases cited therein. Accordingly, we hold for respondent. Decision will be entered pursuant to Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent concedes that petitioner is entitled to a personal exemption for himself and the filing status of married filing separate.↩